# CHARLESTON.

James O. Watson *v.* Aetna Casualty & Surety Company

(No. 6421)

Submitted May 7, 1929.    Decided May 14, 1929.

*Erskine, Palmer & Curl,* for plaintiff in error.
*Tusca Morris,* for defendant in error.

HATCHER, JUDGE:

This is an action on an insurance policy issued by defendant, in which the plaintiff seeks to recover $1,870.00 (with interest since 1924) as the value of a diamond brooch which he alleges was stolen from his residence in that year. The jury returned a verdict of $2,000.00 in his favor. The trial court entered judgment for that amount and the defendants secured a writ of error here.

The proof shows that the brooch was a wedding gift from the plaintiff to his wife, Ella, at the time of their marriage in 1902, and that she had never assigned or imparted to him since then any actual right of property in the brooch. He had kept it in his safety deposit box for her when not in use, and had returned it for taxation in his name and paid the taxes assessed against it. Plaintiff's position is that he secured the policy; that he had an "insurable interest" in the brooch and is therefore a proper party to maintain this suit. He places special reliance on the principles announced in *Sheppard Admr.* v. *Ins. Co.,* 21 W. Va. 368, and restated in subsequent cases, that "If a party has the care and custody of property, he may insure it in his own name"; and that a party has an insurable interest in property "if he or those whom he represents will suffer any sort of loss by its destruction." However, when we look to the policy upon which this suit is based, it appears that the plaintiff did not either insure his insurable interest in this brooch, or insure it in his own name as the representative of his wife. The policy insured "the assured named in said warranties" against loss of jewelry by theft. The clause describing the assured under the title "warranties" is as follows: "The assured is S. L.

& J. O. Watson and any member of his family permanently residing with him," etc. An assured "may be described in other ways than by name, as for example by descriptive words * * * in which cases the policies cover the interest of the persons for whom they were intended by the parties taking out the insurance * * * and inures to their benefit as the real parties in interest, since there is a privity between them and the insurance companies and the contracts are with them as the assured." 1 Couch on Ins., sec. 221, p. 472. *Pacific etc. Co.* v. *Ins. Co.*, 65 Barb. (N. Y.) 334. The evidence shows that plaintiff's wife has resided with him constantly since their marriage. She is therefore as definitely identified as an assured by the proof, as if her name appeared in the warranties clause. She is as much an assured as to her property as he is an assured as to his. The insurance contract, so far as it relates to her jewelry, is directly *with her*—not with the plaintiff as agent or representative *for her*. She is the one vested with the legal interest in the contract of defendant to insure her brooch against theft. It is a general rule of procedure "that an action on a contract must be brought in the name of the party in whom the legal interest in such contract is vested. The Legislature alone has power to make an exception to this rule." *Clarksons* v. *Doddridge et al.*, 14 Gratt. 42, 44. *Sims* v. *Carpenter, Frazier Co.*, 68 W. Va. 223. No statutory exception gives to the indirect interest which plaintiff has in the brooch the right to maintain this action. It will accordingly be dismissed.

*Reversed and dismissed.*